IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICKY MAYON, | ) | Civil Action No. 2: 14-cv-1203 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| MARK CAPOZZA, ROCHELLE KING, COLIN FISCHETTI, NATHAN GUSKIEWICZ, SCOTT BOMBERGER, JOSEPH SCHOTT, CAROL SCIRE, CANDICE LACKEY, DONALD BENGELE, and UNKNOWN MEMBERS OF THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending are the following three motions: (1) Motion to Dismiss filed by Rochelle King, with brief in support (ECF Nos. 34 and 35), (2) Motion to Dismiss filed by Donald Bengele, Scott Bomberger, Mark Capozza, Nathan Guskiewicz, Candice Lackey, Joseph Schott, and Carol Scire, with brief in support (ECF Nos. 38 and 39) and (3) Motion to Dismiss filed by Colin Fischetti, with brief in support (ECF Nos. 40 and 41). Plaintiff, Micky Mayon, filed an Omnibus Opposition to Defendants' motions (ECF No. 51). For the reasons that follow, the Motions will be granted in part and denied in part.[1]

**Factual Background**

On September 5, 2014, the Court received a Complaint and Exhibits submitted for filing by Micky Mayon, ("Plaintiff" or "Mayon"); however, the Complaint was not accompanied by a

---
[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 37, 44, 46, and 47.

1

Motion to Proceed *in forma pauperis* or the payment of the filing fee. On September 11, 2014, Plaintiff filed a motion to proceed *in forma pauperis* (ECF No. 2), which was granted (ECF No. 4), and the Complaint was filed. (ECF No. 5).

Mayon is a Pennsylvania state prisoner incarcerated at the State Correctional Institution ("SCI") at Fayette. Mayon has asserted civil rights claims against Defendants, alleging violations of the First Amendment to the Constitution and the Americans with Disabilities Act ("ADA"). The allegations which give rise to this Complaint occurred while Mayon was incarcerated at SCI-Pittsburgh, prior to his transfer to SCI-Fayette. According to the Complaint, in order to qualify for parole, Mayon entered a rehabilitative program called Therapeutic Community ("TC"). Shortly after enrolling, Mayon "felt the way he was being treated was unfair," and he filed numerous administrative grievances and appeals. Mayon alleges that after filing his grievances, Defendants began to retaliate against him. Mayon also alleges that Defendants violated the ADA by failing to accommodate his disability, photophobia.[2]

Named as defendants are Rochelle King, a parole interviewer; Donald Bengele, Scott Bomberger, Mark Capozza, Nathan Guskiewicz, Candice Lackey, Joseph Schott, and Carol Scire, (collectively referred to as the "Corrections Defendants") and Colin Fischetti, a Therapeutic Counselor at SCI-Pittsburgh. All defendants, except Mark Capozza, are named only in their individual capacities. Mark Capozza, the Superintendent of SCI-Pittsburgh, is named in both his individual and official capacities. According to the Complaint, all the named

---

[2] Photophobia is a symptom of excessive sensitivity to light and the aversion to sunlight or well-lit places, not in the sense of a morbid fear, but in the sense of an experience of discomfort or pain to the eyes due to light exposure. While for many people, photophobia is not due to any underlying disease, severe photophobia may be associated with eye problems and cause severe eye pain even in relatively low light. *Jackson v. Grondolsky*, 2009 WL 2496511 (D.N.J. 2009) (citing <<http:// www.nlm.nih.gov/MEDLINEPLUS/ency/article/003041.htm>>).

defendants work at SCI-Pittsburgh. Mayon requests declaratory judgment, as well as compensatory and punitive damages.

Defendants now move to dismiss the Complaint. The parties have fully briefed the issues and this matter is ripe for adjudication.

**Standard Of Review**

A.  *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing

3

Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

B. *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state

a claim.'" *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679).

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

## Discussion

Defendant King has filed a motion to dismiss the Complaint, arguing that the allegations of the Complaint against her do not amount to a constitutional violation.

The Corrections Defendants have filed a motion to dismiss the Complaint, arguing that the Complaint should be dismissed on the following grounds: (i) Mayon has failed to state a cognizable retaliation claim, (ii) Mayon has failed to sufficiently allege the personal involvement of Capozza and Scire in the underlying constitutional violations, and (iii) Mayon's ADA claim against the Corrections Defendants in their individual capacities is not cognizable as a matter of law.

Defendant Fischetti has filed a motion to dismiss the Complaint, arguing that the complaint fails to allege facts demonstrating that Fischetti acted under the color of state,[3] that the

---

[3] Defendant Fischetti argues that the allegations in the complaint against him do not touch on the state actor requirement of § 1983. The activity of a private individual can be deemed to be "under color of law" for purposes of § 1983 where the private party has acted together with or

5

complaint fails to sufficiently plead a retaliation claim, and that the complaint fails to sufficiently plead a violation of the ADA.

A.  *Retaliation Under 42 U.S.C. § 1983*

Mayon asserts numerous instances where he allegedly was retaliated against for filing grievances about his perceived treatment in TC, *inter alia*:[4] (1) he was forbidden from wearing his tinted eyeglasses;[5] (2) he was removed from TC and issued a misconduct, which resulted in a 2 week cell restriction;[6] (3) he was removed from TC a second time;[7] (4) he was issued a false misconduct;[8] (5) he was given a negative parole recommendation;[9] (6) he suffered a "1-year hit" for parole consideration;[10] (7) he was denied his property from commissary and was "kicked off the F-block;"[11] (8) he was verbally threatened to stop filing grievances;[12] and (9) he was transferred to SCI-Fayette.[13]

---

has obtained significant aid from state officials, or his conduct is otherwise chargeable to the state. The state actor analysis determination is more appropriately considered on a motion for summary judgment. For that reason, in this opinion, the Court examines solely whether Mayon as sufficiently plead a constitutional violation against Fischetti.

[4]   The list of allegations is not intended to be a comprehensive list of all the retaliation claims stated in the Complaint.

[5]   This retaliation claim is asserted against Defendant Fischetti.

[6]   This retaliation claim is asserted against Defendant Bomberger.

[7]   This retaliation claim is asserted against Defendant Schott.

[8]   This retaliation claim is asserted against Defendant Bengele.

[9]   This retaliation claim is asserted against Defendant Capozza.

[10]  This retaliation claim is asserted against Defendant King.

[11]  This retaliation claim is asserted against Defendant Lackey.

[12]  This retaliation claim is asserted against Defendant Guskiewicz.

[13]  This retaliation claim is asserted against Defendant Capozza.

It is well settled that retaliation for the exercise of a constitutionally protected activity is itself a violation of rights secured by the Constitution, which is actionable under § 1983. *Rauser v. Horn,* 341 F.3d 330 (3d Cir. 2001); *White v. Napoleon*, 897 F.2d 103, 112 (3d Cir. 1990). However, merely alleging the fact of retaliation is insufficient; in order to prevail on a retaliation claim, a plaintiff must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Rauser,* 241 F.3d at 333 (adopting *Mount Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). Once a plaintiff has made his *prima facie* case, the burden then shifts to defendant to prove by a preponderance of the evidence that he or she "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." *Id*. at 334.

Here, Mayon has satisfied the first element of a retaliation claim by allegedly engaging in protected activity, the filing of grievances. Moreover, it is plausible that the alleged acts of retaliation were sufficient to deter a person of ordinary firmness from exercising his constitutional rights. Therefore, the Court finds that Mayon has sufficiently stated retaliation claims such that dismissal is not warranted at this time. Mayon should be aware that he faces a high burden in demonstrating retaliation in the manners in which he alleges. Specifically, Mayon must demonstrate the crucial third element of a retaliation claim, causation, which requires him to prove either (i) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action, or (ii) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse v. American Sterilizer Co*., 126 F.3d 494, 503–04 (3d Cir. 1997). Moreover, Defendants will be able to defeat his retaliation claims if they can demonstrate that

they would have taken the same action even absent Plaintiff filing grievances. At this time, however, Defendants' motions will be denied and Plaintiff's retaliation claims will proceed.

    1.    <u>Personal Involvement</u>

The Corrections Defendants argue that Mayon's § 1983 claims against Defendants Capozza and Scire should be dismissed for failure to allege personal involvement. Upon review, the Court finds that only Defendant Scire should be dismissed.

In a § 1983 civil rights action, the plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993).

Additionally, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). Claims brought under § 1983 cannot be premised on a theory of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207 (citations omitted). Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to § 1983 liability. *Id*. at 1208. *But see Barkes v. First Corr. Med., Inc.*, 766 F.3d 307 (3d Cir. 2014) (ruling that supervisory liability under § 1983 in the Eighth Amendment context

8

survived the Supreme Court's ruling in *Iqbal*), *rev'd on other grounds sub nom., Taylor v. Barkes*, -- U.S. --, 135 S. Ct. 2042 (2015).

In the instant case, the Court finds that Mayon has sufficiently stated, if just barely, retaliation claims against Capozza such that dismissal is not warranted at this time. The same cannot be said of Mayon's allegations against Scire. Although Mayon alleges some facts that indicate Scire was aware of his concerns, Mayon cannot assert liability against her due to her involvement in reviewing and/or affirming grievance decisions. Mayon's disagreement with staff appeal decisions does not give rise to a claim under § 1983 because the appeals process itself creates no substantive rights.

For these reasons, Mayon's § 1983 claims will be dismissed as to Corrections Defendant Scire for lack of personal involvement.

2. Request for Declaratory Relief

A prisoner's transfer or release from prison moots his claims for declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. *Sutton v. Rasheet*, 323 F.3d 236, 248 (3d Cir. 2003).

In this case, Mayon was transferred out of SCI-Pittsburgh to SCI-Fayette. All of Plaintiff's claims in this lawsuit arise from incidents which allegedly occurred while he was incarcerated at SCI-Pittsburgh. Moreover, there is nothing in the Complaint to suggest that there is a reasonable probability of Mayon's return to SCI-Pittsburgh in the foreseeable future. Consequently, Mayon's claim for declaratory relief is moot and will be dismissed. *See Fortes v. Harding*, 19 F. Supp.2d 323, 326 (M.D.Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief."). However, the Court recognizes that a prisoner's transfer or release does not moot his claims for damages. See *Muslim v. Frame*, 854

F. Supp. 1215, 1222 (E.D.Pa. 1994) (stating "an alleviation of an alleged unconstitutional condition does not moot a prisoner's claim for actual and punitive damages.").

B.  *Violations of Title II of the ADA*

In his Complaint, Mayon alleges that:

> Defendants Capozza, Bomberger, and Fischetti violated plaintiff's rights under Title II of the ADA. Plaintiff was known to have light-sensitive eyes. Indeed, plaintiff is photophobic, has a record of photophobia, and cannot even open his eyes in very bright lighting.

Complaint, VII. Legal Claims, at ¶ 59. The Corrections Defendants argue that an ADA claim is not cognizable against the Corrections Defendants in their personal capacities. Defendant Fischetti argues that Mayon has failed to plead sufficient facts to support a finding that Mayon is "disabled" under the ADA.

Title II of the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services or activities of a public entity or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The term "public entity," as defined by Title II of the ADA, does not include individuals. 42 U.S.C. § 12131(1).

The Court of Appeals for the Third Circuit "has yet to address individual liability under Title II of the ADA." *Brown v. Deparlos*, 492 F. App'x 211, n.2 (3d Cir. 2012) Our court of appeals has cited with approval, however, "decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA." *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002.)[14] *See also Douris v. Schweiker*, 229 F.Supp.2d 391, 397 (E.D.Pa. 2002)

---

[14] In *Emerson v. Thiel College,* our appellate court determined that individual defendants may be liable under Title III of the ADA if they own, lease, or operate a place of public accommodation. 296 F.3d 184, 189 (3d Cir. 2002) (per curiam). In *Thiel*, however, the

10

("[T]he consensus view among district courts in this circuit is that individual liability cannot be imposed under the ADA."), *aff'd sub nom. Douris v. Rendell*, 100 F. App'x 126 (3d Cir. 2004) (table).

The Court of Appeals for the Third Circuit has recognized an exception to this general rule to the extent a plaintiff may sue for prospective injunctive relief against state officials acting in their official capacities. *See Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002) ("[F]ederal ADA claims for prospective injunctive relief against state officials are authorized by the *Ex parte Young* doctrine.") (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1998)).

In his response, Mayon states that he "listed only Defendant Capozza [in his official capacity] specifically so that the ADA could proceed." P's Resp. at 3. However, fatal to Mayon's claim against Capozza is that the Complaint does not seek prospective injunctive relief, and, even more importantly, Mayon is no longer incarcerated at SCI-Pittsburgh.

Accordingly, for all these reasons, Mayon's ADA claim against Defendants Capozza, Bomberger, and Fischetti, in their individual capacities, will be dismissed. Mayon's ADA claim against Capozza, in his official capacity, likewise will be dismissed because (i) Mayon has not requested prospective injunctive relief and (ii) even if such relief had been requested, such claim for relief is moot due to the fact that Mayon is no longer incarcerated at SCI-Pittsburgh. For these reasons, Mayon's ADA claim will be dismissed in its entirety.[15]

---

individual defendants did not operate the college and, therefore, could not be held individually liable under Title III of the ADA. *Id.* ("This result comports with decisions of other courts of appeals holding that individuals are not liable under Title I and II of the ADA, which prohibit discrimination by employers and public entities respectively.") (citations omitted).

[15]  The Court finds futility of any amendment as to Mayon's Title II ADA claims against Defendants in their individual capacities. *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004). Additionally, given that Mayon has been transferred out of SCI-Pittsburgh, the Court finds that it

## Conclusion

For the reasons stated above, the Motion to Dismiss filed by Rochelle King will be denied; the Motion to Dismiss filed by the Corrections Defendants will be granted in part and denied part; and the Motion to Dismiss filed by Colin Fischetti will be granted in part and denied in part. A separate order follows.

**AND NOW**, this 19th day of September, 2015:

It is hereby **ORDERED**, pursuant to this Court's Memorandum Opinion, as follows:

(1) The Motion to Dismiss filed by Rochelle King is **DENIED**;

(2) The Motion to Dismiss filed by the Corrections Defendants is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's claims against Defendant Scire are dismissed with prejudice based on lack of personal involvement. Plaintiff's Title II ADA claims are dismissed with prejudice. Plaintiff's retaliation claim against Defendants Capozza, Guskiewicz, Bomberger, Schott, Lackey, and Bengele will proceed.

(3) The Motion to Dismiss filed by Defendant Fischetti is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Title II ADA claim against Defendant Fischetti is dismissed with prejudice. Plaintiff's retaliation claim against Defendant Fischetti will proceed.

To summarize, the only claims that remain in this case are Plaintiff's § 1983 retaliation claims against Defendants King, Capozza, Guskiewicz, Bomberger, Schott, Lackey, Bengele, and Fischetti, and the unserved "unknown members of the Pennsylvania Board of Probation and Parole."

---

would be futile to allow Mayon an opportunity to amend his complaint to include a claim for prospective relief.

In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendants King, Capozza, Guskiewicz, Bomberger, Schott, Lackey, Bengele, and Fischetti, shall file their responsive pleading on or before September 2, 2015.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: MICKY MAYON
JT - 8095
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450-0999

Sandra A. Kozlowski
Pennsylvania Office of Attorney General
(via ECF electronic notification)

Jeffrey M. Paladina
Pennsylvania Department of Corrections, Office of Chief Counsel
(via ECF electronic notification)

Dennis St. J. Mulvihill
Robb Leonard Mulvihill LLP
(via ECF electronic notification)

Erin J. Dolfi
Robb Leonard Mulvihill LLP
(via ECF electronic notification)